# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| ALEXANDER E. JONES, | Case No. 22-33553 (CML) |
| Debtor. | |

## STATEMENT OF THE TEXAS PLAINTIFFS
## IN SUPPORT OF THE CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN
## ORDER AUTHORIZING THE WINDDOWN OF FREE SPEECH SYSTEMS, LLC

The Texas Plaintiffs[1] submit this statement in support of the Chapter 7 Trustee's motion to winddown Free Speech Systems, LLC.[2] The Texas Plaintiffs agree that FSS's assets should be sold. They agree that the Chapter 7 Trustee is best equipped to facilitate the sales process. And they agree that the sales process set out by the Chapter 7 Trustee maximizes the assets' value. They therefore support the motion being granted.

To be clear, in supporting the motion, the Texas Plaintiffs are *not* weighing in on the debate about the extent of the Chapter 7 Trustee's legal authority under the Bankruptcy Code. Rather, from a practical vantage point, they agree that FSS's assets should be sold and that the Chapter 7 Trustee's proposal for doing so is in the creditors' best interests.

The Texas Plaintiffs especially support the Trustee's proposal because it provides that the proceeds of the sale will be held "in escrow pending the final judgment or resolution of the PQPR Adversary Proceeding and any other claims that have been or may be asserted against such

---

[1] The "Texas Families" are Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and the Estate of Marcel Fontaine.

[2] *See* ECF No. 829

proceeds, including by judgment claimants."[3] In that vein, the Texas Plaintiffs reserve all rights as to how the proceeds of the FSS asset sale should be distributed. And for the peace of mind of parties who've sought their view on this issue, the Texas Plaintiffs expressly *waive* any argument that the winddown relief sought in the Trustee's motion violates the state-court turnover order.

To be sure, some disagreement exists about how the state-court turnover order affects the distribution of the sale proceeds. Indeed, there was confusion about whether the Texas Plaintiffs believed that the professionals from the Subchapter V case were entitled to their professional fees, given the turnover order. To be absolutely clear, the Texas Plaintiffs have *always* believed that these professionals were entitled to be paid from the FSS estate. And they've since clarified that view to the relevant parties. But to the extent there's disagreement about how FSS sale proceeds should be distributed outside of these professional fees, the Court can rest assured that the Texas Plaintiffs are striving to work out an agreement with the parties to resolve that issue. And they'll be sure to keep the Court apprised of any developments on that front.

For these reasons, subject to their reservation of rights, the Texas Plaintiffs support the Chapter 7 Trustee's request to have the winddown motion granted.

Dated: September 20, 2024

---

[3] *See* ECF No. 829, at ¶ 20.

006987

Respectfully submitted,

**LAWSON & MOSHENBERG PLLC**

/s/ *Avi Moshenberg*
Avi Moshenberg
State Bar No. 24083532
801 Travis Street, Suite 2101, #838
Houston, TX 77002
Telephone: (713) 449-9644
E-mail: avi.moshenberg@lmbusinesslaw.com

**CHAMBERLAIN, HRDLICKA,**
**WHITE, WILLIAMS & AUGHTRY, PC**
Jarrod B. Martin
State Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone: (713) 356-1280
Fax: (713) 658-2553
E-mail: jarrod.martin@chamberlainlaw.com

**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Fax: (713) 510-1799
E-mail: jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Stuart R. Lombardi (admitted *pro hac vice*)
Ciara A. Sisco (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: slombardi@willkie.com
E-mail: csisco@willkie.com

***Co-Counsel to the Texas Plaintiffs***

006988

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served on the Chapter 7 Trustee, Jones's counsel, Jones, and all parties receiving or entitled to notice through CM/ECF on September 20, 2024.

                                              */s/ Avi Moshenberg*
                                              Avi Moshenberg

006989

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 25, 2024
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | **Case No. 22-60043 (CML)** |
| | § | |
| Debtor. | § | |
| | § | |

**ORDER SUPPLEMENTING ORDER DISMISSING CASE**
**[Related to Docket No. 956]**

1. Effective as of the entry of the Order Dismissing Case [Docket No. 956] (the "Dismissal Order"), pursuant to Section 349(b), all property of the estate of Debtor Free Speech Systems, LLC ("FSS") shall be deemed to have vested in the bankruptcy estate of Alexander E. Jones, Case No. 22-33553, as property of that estate pursuant to Section 541 and shall be under the control of the trustee of such estate ("Chapter 7 Trustee").

2. The Chapter 7 Trustee is authorized to operate the business of FSS pursuant to Section 721 for a period not to exceed one year, absent further order of this Court.

Signed: September 25, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

15564076

006990