# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| **Alexander E. Jones** | § | **Bankruptcy Case No. 25-33553** |
| **Debtor** | § | |
| | § | |
| | § | |
| **ALEXANDER E. JONES AND** | § | |
| **FREE SPEECH SYSTEMS, LLC** | § | |
| *Appellants,* | § | |
| | § | **Civil Action No. 4:25-cv-05553** |

On Appeal from the United States Bankruptcy Court
for the Southern District of Texas, Houston Division
Cause No. 25-05553

## APPELLEES' OPPOSITION TO MOTION FOR EXPEDITED EMERGENCY INJUNCTIVE RELIEF

**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Fax: (713) 510-1799
E-mail: jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Stuart R. Lombardi (admitted *pro hac vice*)
Allison A. Berkowitch (admitted *pro hac vice*)
Deanna Drenga (admitted *pro hac vice*)
787 Seventh Avenue New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: slombardi@willkie.com
ddrenga@willkie.com

**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
E-mail: rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (*pro hac vice* forthcoming)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
E-mail: asterling@koskoff.com

aberkowitch@willkie.com
**LAWSON & MOSHENBERG PLLC**
Avi Moshenberg
State Bar No. 24083532
801 Travis Street, Suite 2101, #838
Houston, TX 77002
Telephone: (713) 449-9644
E-mail: avi.moshenberg@lmbusinesslaw.com

**BRADLEY ARANT BOULT CUMMINGS LLP**
Jarrod B. Martin
State Bar No. 24070221
600 Travis Street, Suite 5600
Houston, TX 77002
Telephone: (713) 576-0388
Fax: (713) 576-0301
E-mail: jbmartin@bradley.com

*Co-Counsel to the Texas Families*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kyle J. Kimpler (*pro hac vice* forthcoming)
Paul Paterson (*pro hac vice* forthcoming)
Daniel S. Sinnreich (*pro hac vice* forthcoming)
Vida J. Robinson (*pro hac vice* forthcoming)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
E-mail: kkimpler@paulweiss.com
      ppaterson@paulweiss.com
      dsinnreich@paulweiss.com
      virobinson@paulweiss.com

*Co-Counsel to the Connecticut Families*

2

The Sandy Hook Families[1] file this response to the Appellants' Motion for Expedited Emergency Injunctive Relief ("Motion for Injunction" or "Mot.") filed on April 29, 2025 by Alexander Jones ("Jones") [Dkt. 13].

The Motion for Injunction is procedurally improper under Bankruptcy Rule 8007 because Jones failed to seek a stay before the Bankruptcy Court and has not established that doing so was impracticable. Fed. R. Bankr. P. 8007(b)(2). The Motion is also now moot: Jones filed a nearly identical motion earlier this week in the Texas Court of Appeals, Third District, and yesterday the Texas Court of Appeals granted a stay of certain of the Sandy Hook Families' collection efforts in state court based on Jones' repeated arguments that those actions violate the automatic stay, which is the subject of this appeal. Memorandum Opinion and Order, *Jones v. Heslin*, No. 03-23-00209-CV (Tex. App. Apr. 29, 2026). In the same order, the Texas Court of Appeals continued a stay on other of the Sandy Hook Families' collection efforts that has been in place since August 2025, which is also premised on the argument that the action violates the automatic stay. *Id*.

Although the Sandy Hook Families oppose Jones's request for an injunction, they agree with Jones on one thing: there is an urgent need for this Court to determine the merits of this appeal so that the applicability of the Bankruptcy Code's

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Appellees' Brief filed on April 27, 2026 [Dkt. 12] ("Appellees' Brief" or "Appellees' Br.").

2

automatic stay to the state court receivership actions can be determined by a federal court, whose decision will supersede any contrary decision by a state court. "If a state court and the bankruptcy court reach differing conclusions as to whether the automatic stay bars maintenance of a suit in the non-bankruptcy forum, *the bankruptcy forum's resolution has been held determinative*[.]" *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001) (emphasis added). Accordingly, courts consistently hold that a bankruptcy court's determination on whether the automatic stay applies controls over a state court's contrary conclusion. *See, e.g.*, *Raymark Indus., Inc. v. Lai*, 973 F.2d 1125, 1132 (3d Cir. 1992) ("[T]he bankruptcy court has the power to vacate the decision of the California Court of Appeal dismissing Raymark's appeal because actions taken in violation of the automatic stay are void *ab initio*[.]"); *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000) ("Any state court modification of the automatic stay would constitute an unauthorized infringement upon the bankruptcy court's jurisdiction to enforce the stay."); *In re Zausner*, 638 B.R. 196, 197–98 (Bankr. M.D. Fla. 2022) ("Although the judge in the State Court Action has already ruled that the automatic stay does not apply, this Court is not bound by that ruling."); *see also In re Shrum*, 597 B.R. 845, 854 (Bankr. E.D. Mich. 2019) ("[I]f the state court wrongly decides that the stay does not apply and continues with a proceeding against the debtor, it

3

has effectively granted relief from the stay, intruding on the exclusive jurisdiction of the bankruptcy court.").

The need for urgent resolution of this appeal is plain. The Sandy Hook Families have held over $1 billion in final, non-appealable judgments against Free Speech Systems, LLC ("FSS") since October 2025.[2]  Also in October 2025, the Bankruptcy Court confirmed (again) that the automatic stay did not apply to FSS, and therefore the Sandy Hook Families could enforce their judgments in state court. ROA.006748-49.  Despite this, Jones has—through his flurry of serial filings— sowed confusion into courts at all levels of the Texas state judicial system, preventing the Sandy Hook Families from collecting a single penny from  FSS or Jones.  The situation is acute:  the Sandy Hook Families have been prevented from collecting on final judgements for more than six months as Jones has told the Texas state courts that—notwithstanding the Bankruptcy Court's ruling—they cannot proceed because of the automatic stay in Jones's personal chapter 7 case.  The Sandy Hook Families respectfully request that the Court bring an end to the chaos that Jones has caused.

The underlying issue for this Court is simple: whether the automatic stay applicable to the bankruptcy estate of Jones in his individual capacity covers the assets of FSS.  FSS is an entirely separate legal entity whose bankruptcy case has

---

[2] *See Jones* v. *Lafferty*, No. 25-268, 607 U.S. __ (2025) (Certiorari Denied Order List); *see also* Appellees' Br. at 22.

been dismissed.  It is indisputable that, upon dismissal of FSS's bankruptcy case, the automatic stay no longer protects the assets formerly belonging to that estate.  *See* Appellees' Br. at 8–9; ROA.003396-99.  It is also indisputable that the automatic stay in Jones's bankruptcy case does not apply to the FSS Assets, even if Jones owns FSS's equity.  Appellees' Br. at 23–25.  Jones cannot argue otherwise.  Instead, Jones has filed multiple briefs in several courts arguing that the Bankruptcy Court entered orders extending the automatic stay applicable in Jones's individual case to the FSS Assets.  The Bankruptcy Court has done no such thing—instead, it has repeatedly affirmed that ***the automatic stay does not apply to the FSS Assets.*** ROA.003396-99 (February 5, 2025 Hearing); ROA.003352 (March 19, 2025 Null and Void Order); ROA.006773 (October 1, 2025 Hearing); ROA.006748-49 (October 1, 2025 Order); ROA.006878 (Denial of Reconsideration of October 1, 2025 Order); *see also* Appellees' Br. at 8–10, 13–15.  And even if the Bankruptcy Court's orders and statements were ambiguous—which they are not—the Bankruptcy Court's interpretation of its own orders is entitled to deference.  *See In re AKD Invs.*, 79 F.4th 487, 493 (5th Cir. 2023) ("In these circumstances, we apply a deference rule: As long as the bankruptcy court reasonably resolved the ambiguity as it construed the Order in weighing [the lender's] motion for summary judgment in this case, we defer to that court's interpretation.").  Accordingly, Jones has no

5

likelihood of success on the merits of his appeal, and the Court should not grant injunctive relief.

As Jones's Motion for Injunction states, the parties' positions "are fully briefed." Mot. at 9. The Court has all the necessary information to rule on both the Motion for Injunction and the Appellees' Brief, and the Sandy Hook Families urge the Court to rule on those motions as quickly as possible to prevent Jones from creating further chaos and further delaying the Sandy Hook Families' attempts to collect on more than $1 billion in final, non-appealable judgments.

6

Dated:  April 30, 2026

Respectfully Submitted,

**WILLKIE FARR & GALLAGHER LLP**

**CAIN & SKARNULIS PLLC**

*/s/ Jennifer J. Hardy*
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Fax: (713) 510-1799
E-mail: jhardy2@willkie.com

*/s/ Ryan E. Chapple*
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
E-mail: rchapple@cstrial.com

**WILLKIE FARR & GALLAGHER LLP**
Stuart R. Lombardi (admitted *pro hac vice*)
Allison A. Berkowitch (admitted *pro hac vice*)
Deanna Drenga (admitted  *pro hac vice*)
787 Seventh Avenue New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: slombardi@willkie.com
ddrenga@willkie.com
aberkowitch@willkie.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (*pro hac vice* forthcoming)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
E-mail: asterling@koskoff.com

**LAWSON & MOSHENBERG PLLC**
Avi Moshenberg
State Bar No. 24083532
801 Travis Street, Suite 2101, #838
Houston, TX 77002
Telephone: (713) 449-9644
E-mail: avi.moshenberg@lmbusinesslaw.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kyle J. Kimpler (*pro hac vice* forthcoming)
Paul Paterson (*pro hac vice* forthcoming)
Daniel S. Sinnreich (*pro hac vice* forthcoming)
Vida J. Robinson (*pro hac vice* forthcoming)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
E-mail: kkimpler@paulweiss.com
ppaterson@paulweiss.com

**BRADLEY ARANT BOULT CUMMINGS LLP**
Jarrod B. Martin
State Bar No. 24070221
600 Travis Street, Suite 5600
Houston, TX 77002

7

Telephone: (713) 576-0388
Fax: (713) 576-0301
E-mail: jbmartin@bradley.com

*Co-Counsel to the Texas Families*

dsinnreich@paulweiss.com
virobinson@paulweiss.com

*Co-Counsel to the Connecticut Families*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Appellees' Opposition to Motion for Expedited Emergency Injunctive Relief has been served on counsel for all parties receiving or entitled to notice through CM/ECF on April 30, 2026.

/s/ *Ryan E. Chapple*
Ryan E. Chapple