United States District Court
Southern District of Texas

**ENTERED**

May 06, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALEXANDER E. JONES, | § | BANKRUPTCY CASE NO. 22-33553 |
| | § | |
| Debtor. | § | |
| | § | |
| ALEXANDER E. JONES, | § | |
| | § | |
| Appellants, | § | CIVIL ACTION NO. H-25-5553 |
| v. | § | |
| | § | |
| NEIL HESLIN, *et al.*, | § | |
| | § | |
| Appellees. | § | |
| | § | |

**ORDER**

Alexander E. Jones has moved to continue the oral argument set for May 8, 2026. (Docket Entry No. 30). He argues that the issues are not fully briefed because he has not had the opportunity to file a reply. (*See id.* at 4–5). He requests that oral argument occur in person. (*See id.*). And he requests additional discovery into an alleged settlement agreement between the appellees. (*See id.*). The court grants in part and denies in part Jones's motion.

First, the court denies Jones's request to continue the May 8 setting. Although Jones has not filed a reply brief, he has filed two motions since the appellees filed their response brief. (Docket Entry Nos. 13, 30). Jones's motion for a temporary restraining order addressed in detail the substance of this appeal. (*See* Docket Entry No. 13). And Jones's motion for a continuance repeated many of the arguments he made in his opening brief and motion for a temporary restraining order. (*See* Docket Entry No. 30 at 11–20). Jones has not identified what arguments, if any, he needs to address in his reply brief. He may do so at the May 8 oral argument. If the

court concludes that a reply brief will aid its resolution of Jones's appeal, it will grant him leave to file one after the argument. Jones otherwise has leave to file his reply before the argument, if he wishes to do so.

Second, the court grants Jones's motion to appear in person. The court will use a hybrid setup in Courtroom 11A, United States Courthouse, 515 Rusk, Houston, Texas. Those who wish to appear in person may do so. Those who wish to appear on Zoom may do so. The court has held hybrid proceedings in the past, and all parties have been able to argue equally and effectively.

Third, the court denies Jones's discovery request. This case is before the court on appeal from a bankruptcy-court order under 28 U.S.C. § 158. (*See* Docket Entry No. 6 at 1–2. *But see* Docket Entry No. 12 at 15–23 (arguing the court lacks jurisdiction because the appeal is untimely and because Jones lacks standing)). This court's involvement in the bankruptcy case is limited to the issues presented on appeal. *See* 28 U.S.C. § 158(a)(1) (granting jurisdiction "to hear appeals" "from final judgments, orders, and decrees"); *cf. id.* § 157(d) (allowing district courts to withdraw references to the bankruptcy court "for cause shown"). This court is also confined to the record before the bankruptcy court when it ruled. *See Com. Credit Corp. v. Reed*, 154 B.R. 471, 474 (E.D. Tex. 1993) ("A District Court, acting as an appellate court in a bankruptcy case, may consider only evidence which was presented before the Bankruptcy Court and made part of the record."). To the extent Jones believes an alleged agreement between the appellees is relevant to the bankruptcy case generally, he should propound such discovery in the bankruptcy court.

SIGNED on May 6, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge

2