**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
HOUSTON DIVISION**



| | | |
|---|---|---|
| **In re:** | § | |
| **Alexander E. Jones** | § | **Bankruptcy Case No. 25-33553** |
| **Debtor** | § | |
| | § | |
| | § | |
| **ALEXANDER E. JONES AND** | § | |
| **FREE SPEECH SYSTEMS, LLC** | § | |
| *Appellants,* | § | |
| | § | **Civil Action No. 4:25-cv-05553** |

On Appeal from the United States Bankruptcy Court
for the Southern District of Texas, Houston Division
Cause No. 25-05553

**APPELLEES' SUR-REPLY BRIEF**

**WILLKIE FARR & GALLAGHER LLP**
Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Fax: (713) 510-1799
E-mail: jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Stuart R. Lombardi (admitted *pro hac vice*)
Allison A. Berkowitch (admitted *pro hac vice*)
Deanna Drenga (admitted *pro hac vice*)
787 Seventh Avenue New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: slombardi@willkie.com
ddrenga@willkie.com
aberkowitch@willkie.com

**CAIN & SKARNULIS PLLC**
Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
E-mail: rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (*pro hac vice* forthcoming)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
E-mail: asterling@koskoff.com

**LAWSON & MOSHENBERG PLLC**
Avi Moshenberg
State Bar No. 24083532
801 Travis Street, Suite 2101, #838
Houston, TX 77002
Telephone: (713) 449-9644
E-mail: avi.moshenberg@lmbusinesslaw.com

**BRADLEY ARANT BOULT CUMMINGS LLP**
Jarrod B. Martin
State Bar No. 24070221
600 Travis Street, Suite 5600
Houston, TX 77002
Telephone: (713) 576-0388
Fax: (713) 576-0301
E-mail: jbmartin@bradley.com

*Co-Counsel to the Texas Families*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Paul Paterson (admitted *pro hac vice*)
Daniel S. Sinnreich (admitted *pro hac vice*)
Vida J. Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
E-mail: kkimpler@paulweiss.com
          ppaterson@paulweiss.com
          dsinnreich@paulweiss.com
          virobinson@paulweiss.com

*Co-Counsel to the Connecticut Families*

The Sandy Hook Families continue to believe that an expedited ruling on this appeal is necessary to address Jones's continued attempts to delay their collection efforts in state court.  Appellants' Reply Brief (the "Reply") [Dkt. 34] offers nothing new for the Court to consider and confirms the need for a quick affirmance.  The Reply devotes over 22 pages to recycling the very same arguments Appellants made in their opening brief, their 20-page Motion for Expedited Emergency Injunctive Relief [Dkt. 13], their 24-page Motion for Continuance [Dkt. 30], and at the May 8, 2026 hearing.  The Sandy Hook Families have already addressed those meritless arguments.   Appellees offer this Sur-Reply to make two points.

*First,* Appellants waived any argument about the availability of relief under Rule 60 because they failed to make those arguments before the Bankruptcy Court. *See* ROA.004728-31.  Appellants acknowledge that the Sandy Hook Families' October Motion sought relief pursuant to Rule 60(b)(6).  Reply at 20.  Appellants fail to mention, however, that they made no arguments about the permissibility of relief under Rule 60(b) before the Bankruptcy Court.  Only now do Appellants assert the "utter unavailability of FRCP 60(b)(6)" pursuant to *BLOM Bank SAL* v. *Honickman,* 605 U.S. 204 (2025).  Reply at 20.  Regardless of the merits of their current argument, Appellants waived the right to make that argument on appeal because they failed to make it in the Bankruptcy Court when opposing Appellees' October Motion.  The Fifth Circuit is clear that this Court cannot consider arguments

not raised to the Bankruptcy Court.  *See, e.g.*, *In re Ginther Trusts*, 238 F.3d 686, 689 (5th Cir. 2001); *Barron* v. *Countryman*, 432 F.3d 590, 594 n.2 (5th Cir. 2005). Appellants did not even mention Rule 60 in their opposition to the October Motion, much less argue the lack of "extraordinary circumstances" under Rule 60(b)(6), *see* ROA.004728-31.  They cannot now raise this argument for the first time here.

*Second*, regarding standing, Reply at 23–27, Appellants do not argue that they have a pecuniary interest in the FSS Assets, nor do they meaningfully distinguish the numerous cases cited by the Sandy Hook Families holding that a chapter 7 debtor lacks standing to challenge bankruptcy court orders if it cannot show that the order diminished the debtor's property, increased the debtor's burdens, or impaired the debtor's rights.  *See* Appellees' Brief at 21–23.  That failure is dispositive.  The *best case* scenario for Appellants here is that the FSS Assets belong to the Chapter 7 Trustee—not Appellants.  But there is no dispute that Appellants have no economic interest in the Jones chapter 7 case.

Instead, Jones cites to *Cajun Electric* for the supposed proposition that a debtor has standing to challenge an order where it "strip[s] away protection, control and administration over business assets."  Reply at 24.  *Cajun Electric* is inapposite.  There, the debtor challenged the appointment of a chapter 11 trustee, which caused the debtor to cease being a debtor-in-possession and to lose "the right to operate its business."  *Matter of Cajun Elec. Power Co-op., Inc.*, 69 F.3d 746, 749

(5th Cir. 1995), *opinion withdrawn in part on reh'g*, 74 F.3d 599 (5th Cir. 1996). The court held that the debtor "was aggrieved by losing the right to run itself" and therefore had standing to appeal the appointment of the trustee. *Id.*

But Jones *voluntarily* converted his chapter 11 case into a chapter 7 case two years ago, and never challenged (much less appealed) the appointment of a chapter 7 trustee. Indeed, his position before this Court is that the FSS Assets *should be administered by a chapter 7 trustee.* In any event, the October 1 Order does not strip Appellants of any rights. It simply confirms that the FSS Assets are not property of the Jones Estate. Jones's rights with respect to those assets are precisely the same as before the October 1 Order, and the fact that the Sandy Hook Families may pursue collection efforts with respect to those FSS Assets does not change Jones's management rights. In fact, Jones's chief complaint—that he has standing to appeal the October 1 Order because it "authorized collection efforts" against the FSS Assets, Reply at 25—reveals precisely Jones's motivations: to keep the FSS Assets out of reach of the Sandy Hook Families and to delay their recoveries.

Dated:  May 14, 2026

Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**

*/s/ Jennifer J. Hardy*

Jennifer J. Hardy
State Bar No. 24096068
600 Travis Street
Houston, TX 77002
Telephone: (713) 510-1766
Fax: (713) 510-1799
E-mail: jhardy2@willkie.com

**WILLKIE FARR & GALLAGHER LLP**
Stuart R. Lombardi (admitted *pro hac vice*)
Allison A. Berkowitch (admitted *pro hac vice*)
Deanna Drenga (admitted *pro hac vice*)
787 Seventh Avenue New York, NY 10019
Telephone: (212) 728-8000
Fax: (212) 728-8111
E-mail: slombardi@willkie.com
ddrenga@willkie.com
aberkowitch@willkie.com

**LAWSON & MOSHENBERG PLLC**
Avi Moshenberg
State Bar No. 24083532
801 Travis Street, Suite 2101, #838
Houston, TX 77002
Telephone: (713) 449-9644
E-mail: avi.moshenberg@lmbusinesslaw.com

**BRADLEY ARANT BOULT CUMMINGS LLP**
Jarrod B. Martin
State Bar No. 24070221
600 Travis Street, Suite 5600
Houston, TX 77002
Telephone: (713) 576-0388
Fax: (713) 576-0301

**CAIN & SKARNULIS PLLC**

*/s/ Ryan E. Chapple*

Ryan E. Chapple
State Bar No. 24036354
303 Colorado Street, Suite 2850
Austin, TX 78701
Telephone: (512) 477-5000
Fax: (512) 477-5011
E-mail: rchapple@cstrial.com

**KOSKOFF KOSKOFF & BIEDER, PC**
Alinor C. Sterling (*pro hac vice* forthcoming)
350 Fairfield Avenue
Bridgeport, CT 06604
Telephone: (203) 336-4421
E-mail: asterling@koskoff.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kyle J. Kimpler (admitted *pro hac vice*)
Paul Paterson (admitted *pro hac vice*)
Daniel S. Sinnreich (admitted *pro hac vice*)
Vida J. Robinson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
E-mail: kkimpler@paulweiss.com
ppaterson@paulweiss.com
dsinnreich@paulweiss.com
virobinson@paulweiss.com

6

E-mail: jbmartin@bradley.com
*Co-Counsel to the Texas Families*

*Co-Counsel to the Connecticut Families*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Appellees' Sur-Reply Brief has been served on counsel for all parties receiving or entitled to notice through CM/ECF on May 14, 2026.

*/s/ Ryan E. Chapple*
Ryan E. Chapple
