# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| **Alexander E. Jones** | § | **Bankruptcy Case No. 25-33553** |
| *Debtor* | § | |
| —————————————————— | § | |
| | § | |
| **ALEXANDER E. JONES AND** | § | |
| **FREE SPEECH SYSTEMS, LLC** | § | |
| *Appellants,* | § | |
| | § | **Civil Action No. 4:25-cv-05553** |

On Appeal from the United States Bankruptcy Court
for the Southern District of Texas, Houston Division
Cause No. 25-05553

## EMERGENCY MOTION TO STRIKE APPELLEES'S SURREPLY [DOCKET ENTRY NO. 36] FOR MATERIAL MISSTATEMENTS

Shelby A. Jordan
Antonio Ortiz
**Jordan & Ortiz, P.C.**
State Bar No. 11016700
Federal Bar No. 2195
500 N. Shoreline, Suite 804
Corpus Christi, Texas 78401
Telephone: (361) 884-5678
Fax: (361) 888-5555
Email: sjordan@jhwclaw.com
        aortiz@jhwclaw.com
copy to: cmadden@jhwclaw.com

Ben C Broocks
St. Bar No. 03058800
Federal Bar No. 94507
William A. Broocks
St. Bar No. 24107577
Federal Bar No. 3759653
**Broocks Law Firm, PLLC**
248 Addie Roy Road, Suite B301v
Austin, Texas 78746
Telephone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com
        wbroocks@broockslawfirm.com

**ATTORNEYS FOR APPELLANTS**

Appellants Alexander E. Jones and Free Speech Systems, LLC respectfully submit that Appellees' Sur-Reply [Docket Entry No. 36] contains materially false statements. Given the emergency nature of the proceedings, the Court's immediate attention must be drawn to these false statements. Because those false statements are so profound, Appellants request that the Court strike the Sur-Reply [Docket Entry No. 36].

In their Sur-Reply, Appellees falsely and repeatedly claim that Appellants did not raise any opposition to FRCP 60(b) in the lower court and cannot do so now on appeal. Here is one example of such false assertions the Sur-reply makes:

> *First,* Appellants waived any argument about the availability of relief under Rule 60 because they failed to make those arguments before the Bankruptcy Court. *See* ROA.004728-31. Appellants acknowledge that the Sandy Hook Families' October Motion sought relief pursuant to Rule 60(b)(6). Reply at 20. Appellants fail to mention, however, that they made no arguments about the permissibility of relief under Rule 60(b) before the Bankruptcy Court. Only now do Appellants assert the "utter unavailability of FRCP 60(b)(6)" pursuant to *BLOM Bank SAL* v. *Honickman,* 605 U.S. 204 (2025). Reply at 20. Regardless of the merits of their current argument, Appellants waived the right to make that argument on appeal because they failed to make it in the Bankruptcy Court when opposing Appellees' October Motion. The Fifth Circuit is clear that this Court cannot consider arguments

The Sur-Reply goes on to argue that

1

"Appellants did not even mention Rule 60 in their opposition to the October Motion, much less argue the lack of 'extraordinary circumstances' under Rule 60(b)(6), see ROA.004728-31. They cannot now raise this argument for the first time here."

These are material misrepresentations. The record citations stated by Appellees of ROA.004728-31, are evidentiary objections Appellants filed. Appellants' lengthy opposition to the October Motion is actually found at ROA.006371-6397 and Appellants' Motion to Reconsider is found at ROA. 006799-6969.

In both filings, Appellants address at lengthy and in detail the unavailability of FRCP 60(b)(6). For example, contrary to the Sur-Reply's false assertion (see yellow in above excerpt), Appellants' most certainly referenced *BLOM SAL v. Honickman*, 605 U.S. 204 (2025), in Appellants' Response in Opposition to Appellees' October Motion. Also contrary to the Sur-Reply's false assertion (see red in above excerpt), Appellant discussed the lack of "extraordinary circumstances" required by Rule 60(b)(6). The following screen shot of just a portion of Appellants' Opposition to the October Motion demonstrates both these points:

2

> **K.     There are No Extraordinary Circumstances Justifying Relief Under FRCP Rule 60(b)(6)**
>
> 41.     Plaintiffs relief under Federal Rule of Civil Procedure 60(b)(6) is unwarranted. Courts have long held that this particular provision can only be satisfied by the presence of "extraordinary circumstances." Certainly not the "extraordinary circumstances" these Plaintiffs created themselves.[10] The very high bar standard was addressed by the Supreme Court in *BLOM SAL v. Honickman*, 605 U.S. 204 (2025) in a decision issued on June 5, 2025. In *BLOM*, plaintiffs declined several opportunities to amend their complaint. Instead, they opted to stand on their

ROA.006389.  Comparing the above extracted excerpts from the Sur-Reply with the extracted excerpts from Appellants' Opposition to the October Motion demonstrates the gross nature of these misrepresentations.

Furthermore, FRCP 60(b)(6) and its unavailability is discussed in excruciating detail in many other places in both Appellants' Opposition to the October Motion and in Appellants' Motion to Reconsider the October Motion. **Exhibit 1** hereto contains the page references and record cites to some of the many places where these subjects were expressly raised.   They clearly demonstrate the falsity of the Appellees' assertions and their scope.

And while shocking, this is only one example of scores of times Appellees have blatantly misrepresented things to several courts, including Judge Lopez, as well as state and appellate courts in Texas.

3

## CONCLUSION

Because of the obvious falsity of their statements, the scope of such falsities and the emergency nature of these proceedings, Appellants request that Appellees' Sur-reply be struck.

Dated:  May 15, 2026

Respectfully submitted,

*/s/ Ben Broocks*

Ben C Broocks
State Bar No. 03058800
William A. Broocks
State Bar No. 24107577
BROOCKS LAW FIRM P.L.L.C.
248 Addie Roy Road, Suite B301
Austin, Texas 78746
Phone: (512) 201-2000
Fax: (512) 201-2032
Email: bbroocks@broockslawfirm.com

Shelby A. Jordan
Texas Bar No. 11016700
Antonio Ortiz
Texas Bar No. 24074839
**JORDAN & ORTIZ, PC.**
500 N. Shoreline Blvd., Suite 804
Corpus Christi, Texas, 78401
Phone: (361) 884-5678
Fax:   (361) 888-5555
Email:      sjordan@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**CO-COUNSEL FOR APPELLANTS**

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2026, a true and correct copy of the foregoing document was sent via electronic mail to all counsel and parties listed on the Court's ECF filing system.

_/s/ Ben Broocks_____
Ben Broocks

5

## EXHIBIT 1

**A. Document 1248 – Response to Sandy Hook Families' Emergency Motion (ROA.006371)**

Appellants' Response to the Sandy Hook Families' Emergency Joint Motion (ROA.006371) contains extensive Rule 60(b)(6) arguments, including a dedicated section heading and multiple substantive paragraphs. Specifically:

1. **Page 4, Paragraph 9:** Appellants directly engaged with the availability and standard for FRCP Rule 60(b)(6) relief, arguing that Appellees had failed to meet the "extraordinary circumstances" requirement and citing *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612 (2025) and *In re Westcott*, 135 F.4th 243, 248 (5th Cir. 2025), as the controlling authority governing the unavailability of such relief. The filing expressly states: "In no conceivable way, have [Appellees] established their entitlement to Rule 60(b)(6) relief." (ROA.006374).

2. **Page 5, Paragraph 10:** Appellants argued that Appellees had failed to timely seek relief under Rule 59(e) or Rule 60(b)(6) prior to the Supplemental Order becoming a final judgment, and that their inaction foreclosed such relief. (ROA.006375).

3. **Pages 14-15, Paragraph 31:** Appellants argued at the June 5, 2025 Bankruptcy Court hearing—and reiterated in this filing—that modification could "only be done by Motion under FRCP 60(b)(1)-(5) [not longer than one year from entry] or FRCP 60(b)(6) brought within a reasonable time," and that "the Court

1

agreed." The filing then addressed the legal consequences of Appellees having invoked Rule 60(b)(6) for the first time in the Emergency Motion. (ROA.006384).

4.   **Pages 19-20, Section K (Paragraph 41-42), titled *"There are No Extraordinary Circumstances Justifying Relief Under FRCP Rule 60(b)(6)":*** Appellants devoted a full, separately captioned section of their opposition brief to the merits and availability of Rule 60(b)(6) relief, expressly arguing that "[p]laintiffs' relief under Federal Rule of Civil Procedure 60(b)(6) is unwarranted," and extensively analyzing the *BLOM Bank SAL v. Honickman*, 605 U.S. 204 (2025) decision—the same decision Appellees now claim was raised for the first time on appeal. (ROA.006389).

## B. Appellants' Motion for Reconsideration (ROA.006799)

Appellants' Motion for Reconsideration independently and expressly invoked Rule 60(b)(6) as a basis for relief before the Bankruptcy Court:

1.   **Page 25, Paragraph 44:** The Motion explicitly states that "Jones also seeks reconsideration pursuant to Fed. R. Civ. P. 60(b)(6) incorporated in the Rules of Bankruptcy Procedure." (ROA.006823).

2.   **Page 25, Paragraph 46:** The Motion further invoked Rule 60(b)(6) as authority for the standard governing motions to reconsider interlocutory orders in "extraordinary circumstances," citing *Gonzales v. Davis*, 788 F. App'x 250, 253 (5th Cir. 2019), and *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988),

and concluding with "Fed. R. Civ. P. 60(b)(6). Such is the case here."
(ROA.006823).

3